## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN POTTER,   ) | Case No. 2:08-cv-01174-MSB |
| Petitioner,   ) | **ORDER** |
| vs.   ) | |
| TINA HORNBEAK, Warden,   )<br>Valley State Prison for Women,   ) | |
| Respondent.   ) | |

Petitioner Kathryn Potter, a state prisoner incarcerated at Valley State Prison for Women, filed petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. #1). The Court denied the petition in an order filed January 27, 2011. (Dkt. # 25). Potter filed a notice of appeal the same day. (Dkt # 27). On January 28, 2011, Potter moved for a Certificate of Appealability ("COA") (Dkt. # 28). For the following reasons, the Court grants in part and denies in part the motion for a COA.

Potter asks for a COA on her claims that (1) the trial court's instructions on aider-and-abettor liability permitted her conviction for murder without evidence of an intentional act; (2) she was denied due process by the trial court's instructions on California's "natural and probable consequences" doctrine; (3) the trial court improperly failed to instruct the jury on a defense of necessity; (4) under *People v. Whisenhunt*, 44 Cal. 4th 174 (2008), the trial court's instruction that Potter could be convicted of implied malice murder without having committed an intentional act was erroneous and deprived her of due process; (5) there was insufficient evidence to convict Potter on an implied malice murder theory, and (6) there was insufficient evidence to convict Potter on the aider-and-abettor theory.

A COA may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petition makes a substantial showing if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or [if] the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted). "A claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Potter has failed to make the requisite "substantial showing" with regard to the first and second questions on which she requests a COA. I believe she has made such a showing with regard to the remaining questions. I found this case to be a difficult one, in particular with regard to whether Potter may have been actually innocent of implied malice murder under *People v. Whisenhunt. Cf. Bousley v. United States*, 523 U.S. 614, 623-24 (1998). For the reasons stated in the order denying Potter's petition, I did not ultimately find any of Potter's claims persuasive, but some of them were at least debatable. I will therefore grant a COA on the third, fourth, fifth, and sixth questions that Potter has asked to be certified.

**Accordingly,**

**IT IS ORDERED** that Petitioner's request for a Certificate of Appealability (Dkt. # 28) is **GRANTED IN PART** and **DENIED IN PART**.

1. Petitioner's request is **GRANTED** regarding the third, fourth, fifth and sixth questions as stated in Potter's request for a COA.
2. Petitioner's request is **DENIED** regarding her other claims.

DATED this 9th day of February, 2011.

/s/ Marsha S. Berzon
MARSHA S. BERZON
United States Circuit Judge, sitting by designation